IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENISE L. MORROW, | ) | CIVIL ACTION NO. 2:22-cv-1142 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SOUTH SIDE AREA | ) | |
| SCHOOL DISTRICT, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, DENISE L. MORROW, by and through her attorneys,

LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A.

TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this

Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.      This action is to redress the deprivation by the Defendant of the Plaintiff's civil rights,

and in particular, the right to be free from illegal, invidious and damaging discrimination in her

employment, which rights are guaranteed by the Constitution of the United States and the laws

and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964,

42 U.S.C. §2000e, *et seq.* (as amended) ("Title VII"), the Civil Rights Act of 1991 (as amended),

and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 ("ADA").

Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2.      Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

3.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the

Western District of Pennsylvania.

4.     This Court is also empowered to exercise pendant jurisdiction over the claims set forth in

Count IX, pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

955.

5.     Plaintiff has satisfied all procedural and administrative requirements of Counts IV, V, VII

and IX, and in particular:

      a.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity
           Commission ("EEOC") on or about July 22, 2021;

      b.     The EEOC issued a Dismissal and Notice of Rights dated May 10, 2022;

      c.     Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the
           Dismissal and Notice of Rights.

PARTIES

6.     Plaintiff, Denise L. Morrow, is an adult individual residing in Allegheny County,

Pennsylvania.

7.     Defendant, South Side Area School District, is a governmental entity and/or political

subdivision of the Commonwealth of Pennsylvania with administrative offices located at 4949

State Route 151, Hookstown, Pennsylvania 15050.

8.     At all times relevant hereto, Defendant was acting through its agents, subsidiaries,

officers, employees and assigns acting within the full scope of their agency, office, employment

or assignment.

FACTUAL ALLEGATIONS

9.     Plaintiff was employed by the Defendant from in or about August of 1993 until her

forced retirement in or about June of 2021.  At the time of the Plaintiff's forced retirement, she

held the position of Middle School Emotional Support Teacher.

10.     In her capacity as a Middle School Emotional Support Teacher, Plaintiff taught students

2

that required emotional support due to various mental health diagnoses and disabilities categorized as Other Health Impairments ("OHI"), including, but not limited to, autism, attention deficit hyperactivity disorder ("ADHD") and dyslexia.

11.     Plaintiff was Defendant's union president from 2008 until in or about 2015.  Thereafter, Plaintiff continued her advocacy for, support of, and association with, the union.

12.     Throughout her tenure as union president and thereafter, Plaintiff had disagreements with members of Defendant's administration and board involving various union matters including, but not limited to, matters relating to disabled employees and students and/or students and employees with mental health issues.

13.     Plaintiff was diagnosed with ADHD and anxiety in or about 2016.

14.     In or about 2018, Defendant hired a new superintendent, Alan Fritz ("Fritz").  At or around that time, Defendant began to significantly alter its programs for disabled students and/or students with mental health issues that required emotional support.

15.     In or about May of 2019, Plaintiff met with Superintendent Fritz to discuss the changes to inhouse programs for students with disabilities and/or mental health issues.

16.     At that time, Plaintiff reported her concerns that disabled students and/or students with mental health issues were not receiving the proper support from the Defendant, as required by federal mandate.

17.     Superintendent Fritz indicated to the Plaintiff that programs for disabled students and/or students with mental health issues were not the Defendant's priority.

18.     Thereafter, Plaintiff continued to complain about disability discrimination by the Defendant against various students and/or staff members with mental health issues to Superintendent Fritz, Principal Samuel Adams ("Adams") and/or various members of

Defendant's administration.

19.     Plaintiff regularly complained to Superintendent Fritz, Principal Adams and/or various members of Defendant's administration and/or board that students with disabilities and/or mental health issues were not receiving federally required services and support under the Defendant's programs and/or proposed programs.

20.     On various occasions, Plaintiff reported to Superintendent Fritz, Principal Adams and/or various member of Defendant's administration and/or board that she was concerned that the Defendant was not meeting the federal standards required for disabled students and/or students with mental health disabilities including, but not limited to, the requirements under the Rehabilitation Act and the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA").

21.     From in or about September of 2019, to in or about March of 2021, Plaintiff was subjected to various forms of harassment, retaliation and hostility, as more fully described hereinafter below, which created a hostile work environment.

22.     Plaintiff's job description was changed frequently by the Defendant.  Various members of the Defendant's administration provided the Plaintiff with inconsistent and/or conflicting job tasks.

23.     Defendant also denied the Plaintiff necessary support from a paraprofessional.  By way of example, in or about August of 2020, a student's Individual Education Plan ("IEP") required a paraprofessional.  Defendant, however, refused to provide that paraprofessional to the Plaintiff for her student.

24.     In or about January of 2020, Defendant subjected the Plaintiff to a surprise observation by Principal Adams.

4

25.     At that time, Plaintiff was meeting with a parent to discuss one of her students.

26.     Plaintiff had the proper coverage for her students at that time.

27.     Plaintiff believes, and therefore avers, that Principal Adams had actual knowledge of the previously scheduled meeting.

28.     Plaintiff was reprimanded for meeting with a "dangerous" parent at the time of the surprise observation, despite Principal Adam's actual knowledge of that meeting and the Plaintiff's proper coverage for her students.

29.     Plaintiff was not made aware that the parent was "dangerous" and was not informed of that designation by Principal Adams and/or any other representative of the Defendant prior to the meeting, despite Principal Adam's actual knowledge of that meeting.

30.     In or about January of 2020, representatives of the Defendant informed the Plaintiff that there was an alleged parent complaint made against the Plaintiff.

31.     Thereafter, representatives of the Defendant threatened to subject the Plaintiff to a *Loudermill* hearing as a result of the alleged complaint.

32.     Plaintiff was also subjected to certain rules to which similarly situated non-disabled employees, employees perceived to have a disability and/or employees that did not make complaints were not subjected to.  Those rules included, but were not limited to, not being permitted to use her cell phone during school hours and/or to contact parents.

33.     Notably, the nature of Plaintiff's position required the Plaintiff to use her cell phone to contact parents as the Plaintiff's students had various disability and/or emotional support needs.

34.     Defendant also did not allow the Plaintiff to bring her child to school and/or to work from home when the Plaintiff experienced child care issues.

35.     However, similarly situated non-disabled employees, employees not perceived to have a

5

disability and/or employees who had not previously complained of disability discrimination by the Defendant were permitted by the Defendant to bring their children to work and/or work from home.

36.     In or about early September of 2020, Plaintiff requested to work from home due to child care issues and a possible COVID 19 exposure.

37.     Defendant did not allow the Plaintiff to work from home and she was required to take three (3) weeks of FMLA leave to provide the necessary care to her child.

38.     The reason given by the Defendant was that Plaintiff was not on a pre-approved list of employees who could work from home.

39.     Defendant, however, permitted similarly situated non-disabled employees, employees not perceived to have a disability and/or employees who had not previously complained of disability discrimination by the Defendant to work from home that were also not on the pre-approved list.

40.     Plaintiff believes, and therefore avers, that she was not permitted to work from home based on her disabilities, perceived disabilities and/or in retaliation for her complaints of disability discrimination.

41.     Plaintiff also believes, and therefore avers, that she was not permitted to work from home in retaliation for her association with the union.

42.     Plaintiff further believes, and therefore avers, that she was not permitted to work from home in retaliation for her complaints that students with disabilities and/or mental health issues were not receiving federally required services under the Defendant's programs and/or proposed programs.

43.     Beginning in or about September of 2020, Plaintiff began to not receive emails from Superintendent Fritz, Principal Adams and/or other important emails from representatives of the

Defendant.

44.     As a result, Plaintiff was not notified of several important meetings.

45.     Representatives of the Defendant later identified the issue to be a filter in the Plaintiff's email that was not allowing the Plaintiff to receive certain emails.

46.     Plaintiff believes, and therefore avers, that a representative of the Defendant installed this filter on the Plaintiff's email.

47.     In or about December of 2020, the individual who made the alleged complaint against the Plaintiff, as more fully described at Paragraphs 30 through 31, informed the Plaintiff that she only made written statements about her communications with the Plaintiff; that those statements were not a complaint; and/or that she was coerced into making those statements about the Plaintiff.

48.     Plaintiff believes, and therefore avers, that members of Defendant's administration and/or board made false statements to the Plaintiff about the alleged complaint and threatened a *Loudermill* hearing in retaliation for her association with the union.

49.     Plaintiff also believes, and therefore avers, that members of Defendant's administration and/or board made false statements about the alleged complaint, as more fully described herein at Paragraph 30, and threatened a *Loudermill* hearing based on her disabilities, perceived disabilities and/or her complaints of disability discrimination.

50.     Plaintiff further believes, and therefore avers, that members of Defendant's administration and/or board made false statements to the Plaintiff about the letter and threatened a *Loudermill* hearing in retaliation for her complaints that students with disabilities and/or mental health issues were not receiving the federally required services under the Defendant's programs and/or proposed programs.

51.     In or about December of 2020, Plaintiff took a medical leave of absence as a result of the hostile work environment created by the Defendant.

52.     At that time, Plaintiff was given the diagnosis of "trauma secondary to hostile work environment" and was advised by her physician that her anxiety would be triggered should she return to work at the Defendant's building, as required by the Defendant.

53.     Plaintiff believes, and therefore avers, that she was subjected to the ongoing harassment, as more fully described hereinbefore above, and discriminated against by the Defendant based on her disabilities, perceived disabilities and/or in retaliation for her complaints of disability discrimination.

54.     Plaintiff also believes, and therefore avers, that she was subjected to the ongoing harassment, as more fully described hereinbefore above, in retaliation for her association with the union.

55.     Plaintiff further believes, and therefore avers, that she was subjected to the ongoing harassment, as more fully described hereinbefore above, in retaliation for her complaints that students with disabilities and/or mental health issues were not receiving the federally required services under the Defendant's programs and/or proposed programs.

56.     As a result of the ongoing hostile work environment and harassment suffered by the Plaintiff, as described hereinbefore above, Plaintiff was forced to retire from her position in or about June of 2021.

57.     As a direct and proximate result of the Defendant's actions, as more fully described hereinbefore above, Plaintiff has been adversely affected financially, professionally and emotionally.

COUNT I:

PLAINTIFF v. DEFENDANT

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FIRST AMENDMENT
OF THE UNITED STATES CONSTITUTION

RETALIATION – FREEDOM OF ASSOCIATION

58.    Plaintiff incorporates by reference Paragraphs 1 through 57 as though fully set forth at

length herein.

59.    Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against

the Defendant for violations of Plaintiff's constitutional rights under color of law.

60.    At all times relevant hereto, Plaintiff had the right to be free from retaliation based on her

association with the union.

61.    As described hereinbefore above, Plaintiff believes, and therefore avers, that she was

subjected to ongoing harassment by the Defendant based on her association with the union.

62.    Defendant's actions deprived the Plaintiff of rights guaranteed to her by the First

Amendment.

63.    As a direct and proximate result of the acts described hereinbefore above perpetrated by

the Defendant, Plaintiff suffered the following injuries and damages:

      a.    violation of Plaintiff's constitutional rights under the First Amendment;

      b.    loss of employment and wages;

      c.    economic damages related to any and all medical, legal, and/or other
         consequential costs; and

      d.    such other damages as may become apparent through the discovery
         process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendant, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANT

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
THE REHABILITATION ACT, 29 USCS § 794

RETALIATION – REHABILITATION ACT

64.     Plaintiff incorporates by reference Paragraphs 1 through 63 as though fully set forth at length herein.

65.     At all times relevant hereto, Plaintiff had the right to be free from retaliation under the Rehabilitation Act, 29 USCS § 794.

66.     As described hereinbefore above, Defendant made changes to its programs involving disabled students and/or students with mental health issues that required emotional support.

67.     Plaintiff complained about disability discrimination by the Defendant against various students and staff members with mental health issues.

68.     Plaintiff also regularly complained that students with disabilities and/or mental health issues were not receiving federally required services under the Defendant's programs and/or proposed programs.

69.     As more fully described hereinbefore above, Plaintiff believes, and therefore avers, that she was subjected to the ongoing harassment, as more fully described hereinbefore above, in

retaliation for her complaints of disability discrimination by the Defendant against various students and/or employees and for her complaints that students with disabilities and/or mental health issues were not receiving federally required services under the Defendant's programs and/or proposed programs.

70.     Plaintiff's right to be free from retaliation was violated when the Plaintiff was subjected to ongoing harassment by the Defendant, as more fully described hereinbefore above.

71.     As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, and each of them, Plaintiff suffered the following injuries and damages:

      a.      violation of Plaintiff's rights under the Rehabilitation Act;

      b.      loss of employment and wages;

      c.      economic damages related to any and all medical, legal, and/or other consequential costs; and

      d.      such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendant, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANT

VIOLATION OF PLAINTIFF'S RIGHTS
UNDER THE INDIVIDUALS WITH DISABILITIES
EDUCATION IMPROVEMENT ACT OF 2004 ("IDEA"),
20 USCS §§ 1400 *et seq.*

<u>RETALIATION – IDEA</u>

72.     Plaintiff incorporates by reference Paragraphs 1 through 71 as though fully set forth at

length herein.

73.     At all times relevant hereto, Plaintiff had the right to be free from retaliation under the

IDEA, 20 USCS §§ 1400 *et seq.*

74.     As described hereinbefore above, Defendant made changes to its programs involving

disabled students and/or students with mental health issues that required emotional support.

75.     Plaintiff complained about disability discrimination by the Defendant against various

students and staff members with mental health issues.

76.     Plaintiff also regularly complained that students with disabilities and/or mental health

issues were not receiving the required services under the Defendant's programs and/or proposed

programs.

77.     As more fully described hereinbefore above, Plaintiff believes, and therefore avers, that

she was subjected to the ongoing harassment, as more fully described hereinbefore above, in

retaliation for her complaints of disability discrimination by the Defendant against various

students and employees and for her complaints that students with disabilities and/or mental

health issues were not receiving federally required services under the Defendant's programs

and/or proposed programs.

78.     Plaintiff's right to be free from retaliation was violated when the Plaintiff was subjected to ongoing harassment by the Defendant.

79.     As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, and each of them, Plaintiff suffered the following injuries and damages:

      a.     violation of Plaintiff's rights under the IDEA;

      b.     loss of employment and wages;

      c.     economic damages related to any and all medical, legal, and/or other consequential costs; and

      d.     such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendant, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFF v. DEFENDANT

AMERICANS WITH DISABILITIES ACT

80.     Plaintiff incorporates by reference Paragraphs 1 through 79 as though fully set forth at length herein.

81.     This is a proceeding under the Americans with Disabilities Act for declaratory judgment as to the Plaintiff's rights, and for a permanent injunction restraining the Defendant from maintaining a policy, practice, custom or usage of discrimination against the Plaintiff because of a disability and/or a perceived disability with respect to her ability to perform the necessary

13

functions of her employment, and further, with respect to the terms, conditions and privileges of that employment, in such ways and by such means so as to deprive, as the Defendant has deprived the Plaintiff, of equal employment status because of a disability or a perceived disability.  This Count also seeks restoration to the Plaintiff of all rights, privileges, benefits and income that she would have received but for the Defendant's unlawful and discriminatory practices, and a make whole remedy to compensate her for her injuries, losses and damages together with such exemplary, punitive, compensatory and liquidated damages as are provided by law.

82.     Plaintiff believes, and therefore avers, that she was maliciously, willfully and intentionally discriminated against, and/or treated with reckless indifference to her rights under the law, in the terms and conditions of her employment because of a disability or a perceived disability in that she was discriminated against when she was subjected to ongoing harassment and a hostile work environment by the Defendant and forced to retire from her position.

83.     As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, and suffered large and continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

84.     The actions of the Defendant in denying Plaintiff an equal opportunity to continue in her employment with the Defendant without discrimination constitutes a violation of the ADA.

85.     Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by the Defendant and this suit for injunctive and other relief is her only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will

14

continue to suffer irreparable injury from the Defendant's disability discrimination policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

WHEREFORE, Plaintiff requests the following:

a.     that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADA;

b.     that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.     that the Court award damages to the Plaintiff to compensate her for damages resulting from her pain, suffering and inconvenience, as well as such other compensatory damages as permitted by law;

d.     that the Court award the Plaintiff punitive damages as a result of the Defendant's willful violation of the ADA;

e.     that the Court order the Defendant to award the Plaintiff the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

f.     that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

g.     that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

h.     that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT VII:

PLAINTIFF v. DEFENDANT

RETALIATION - AMERICANS WITH DISABILITIES ACT

86.     Plaintiff incorporates by reference Paragraphs 1 through 85 as though fully set forth at length herein.

87.     As described hereinbefore above, Plaintiff was retaliated against for engaging in protected activity, to wit, complaining about disability discrimination against students and employees by the Defendant.  As a direct result of engaging in protected activity, Plaintiff suffered adverse employment actions that ultimately culminated in Plaintiff's forced retirement.

88.     As a direct result of Defendant's discriminatory actions, and in violation of the ADA, Plaintiff has lost wages and other economic benefits of her employment with Defendant.  In addition, the Plaintiff has and/or will incur counsel fees and other costs in pursuing her legal rights. Plaintiff has also suffered from emotional distress, inconvenience, humiliation, defamation of character and stress.

89.     Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

      a.     that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADA;

      b.     that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

      c.     that the Court award damages to the Plaintiff to compensate her for damages resulting from her pain, suffering and inconvenience, as well as such other compensatory damages as permitted by law;

      d.     that the Court award the Plaintiff punitive damages as a

result of the Defendant's willful violation of the ADA;

e.      that the Court order the Defendant to award the Plaintiff the position
        she held before she was discriminated against and/or the position
        most appropriate for the Plaintiff under the circumstances, with
        the accumulated seniority, fringe benefits, and all other rights, or
        in the alternative, that the Court order the Defendant to pay the Plaintiff
        front pay equivalent to her lost salary, salary raises, fringe benefits
        and all other rights to which she would have been entitled but
        for the Defendant's discriminatory conduct;

f.      that the Court award the Plaintiff pre-judgment and post-judgment
        interest from the date of the discrimination;

g.      that the Court award the Plaintiff reasonable attorneys' fees and
        costs of this action; and

h.      that the Court grant the Plaintiff such additional relief as may
        be just and proper.

JURY TRIAL DEMANDED

COUNT VIII:

PLAINTIFF v. DEFENDANT

<u>PHRA</u>

90.     Plaintiff incorporates by reference Paragraphs 1 through 89 as though fully set forth at

length herein.

91.     Defendant's actions in subjecting the Plaintiff to discrimination based on her disabilities

and perceived disabilities and/or retaliating against her for engaging in a protected activity, to wit,

complaining about disability discrimination, were undertaken intentionally, maliciously and with

reckless indifference to Plaintiff's right to be free from such discrimination and retaliation in

violation of the PHRA.

92.     As a direct result of the Defendant's discriminatory and retaliatory actions in violation of

the PHRA, the Plaintiff has lost wages and other economic benefits of her employment with the

Defendant.  In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.  The Plaintiff has also suffered from emotional distress, inconvenience, humiliation, loss of standing among her peers and stress.

93.      The actions on the part of the Defendant were intentional and willful and were done with a reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a Judgment declaring the Defendants' actions to be unlawful and violative of the PHRA;

b.      that the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendants' willful violation of PHRA;

c.      that the Court award the Plaintiff compensatory damages as a result of Defendants' actions being unlawful and violative of the PHRA;

d.      that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

e.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

f.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: August 4, 2022