**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENISE L. MORROW, | ) | |
| ` | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:22-1142 |
| v. | ) | |
| | ) | |
| SOUTH SIDE AREA SCHOOL | ) | Judge Cathy Bissoon |
| DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

For the reasons stated below, the Motion to Dismiss filed by Defendant South Side Area

School District ("Defendant") (Doc. 14) will be GRANTED IN PART and DENIED IN PART.

**A.    Background**

Plaintiff worked for Defendant, South Side Area School District, from in or around

August 1993, until in or around June 2021, most recently as a Middle School Emotional Support

Teacher.  Compl. (Doc. 1) ¶ 9.  On August 4, 2021, Plaintiff filed the instant six-count

Complaint seeking damages for discrimination, retaliation and harassment due to her own

disabilities, complaints she made to the school about students and/or employees with disabilities,

and/or her association with her union.  *See* Doc. 1.  Specifically, Plaintiff alleges that, from in or

around September 2019, through March 2021, Defendant subjected her to numerous

discriminatory, retaliatory and/or harassing employment actions leading to her forced retirement,

including, *inter alia*: changing Plaintiff's job description frequently; providing her with

inconsistent/conflicting job tasks; denying her support from a paraprofessional; subjecting her to

a surprise observation by the principal, after which she was reprimanded for meeting with a dangerous parent; threatening her with a <u>Loudermill</u> hearing based on a false complaint; filtering her email; and denying her opportunities provided to other similarly-situated employees such as the ability to use a cell phone during school hours to contact parents and the option to work from home/bring her child to work when faced with a childcare issue.  *See* Compl. ¶¶ 21-56.

On December 5, 2022, Defendant filed a Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) (Doc. 14), arguing that her claims fail to meet the notice pleading standards and, where applicable, that she lacks standing and/or failed to exhaust her administrative remedies.

**B.  Motion to Dismiss**

1. <u>Count 1:  Retaliation – Freedom of Association (First Amendment/42 U.S.C. § 1983)</u>

Count 1 of the Complaint asserts that Defendant subjected Plaintiff to ongoing harassment in retaliation for her association with her union in violation of her Constitutional rights under the First Amendment.  *See* Compl. ¶¶ 58-63.  Defendant's Motion to Dismiss this count will be granted for failure to meet the notice pleading standards.

To succeed on a First Amendment retaliation claim under Section 1983, a plaintiff must show: (1) engagement in constitutionally protected conduct; (2) that the defendant took "retaliatory action sufficient to deter a person of ordinary firmness from exercising [her] constitutional rights" and (3) a "causal link" between the protected conduct and the retaliatory actions.  <u>Baloga v. Pittston Area Sch. Dist.</u>, 927 F.3d 742, 752 (3d Cir. 2019) (quoting <u>Palardy v. Twp. of Millburn</u>, 906 F.3d 76, 80-81 (3d Cir. 2018)).  Here, even assuming Plaintiff's union membership satisfies prong one of this test, and that Defendant's alleged retaliatory actions

satisfy prong two, Plaintiff's Complaint does not contain any allegations that, if believed, would demonstrate a causal nexus between the two.[1]

The Complaint asserts only that Plaintiff was Defendant's union president from 2008 until about 2015, and that, during her tenure as union president, she "had disagreements with members of Defendant's administration and board involving various union matters including, but not limited to, matters relating to disabled employees and students and/or students and employees with mental health issues." Compl. ¶¶ 11-12. New superintendent, Alan Fritz, whom Plaintiff alleges began to de-prioritize the district's programs for disabled students, however, was not hired until 2018, and she did not meet with him about her concerns until May 2019. Id. ¶¶ 14-15. Moreover, the alleged retaliatory conduct about which she complains did not begin until September 2019, and her forced retirement did not occur until June 2021. Id. ¶¶ 21, 56. Although the Complaint avers generally that Plaintiff's "advocacy for, support of, and association with, the union" continued after her presidency ended in 2015, it is devoid of any temporal or factual context in which to place that subsequent activity. See id. ¶¶ 11-12 (stating only that her advocacy and disagreements continued "thereafter"). Indeed, of the Complaint's 57 "Factual Allegations," only three mention the union directly, id. ¶¶ 11-12, 54, and none allege any facts whatsoever connecting her union membership to the alleged harassment. See Baloga,

---

[1] Plaintiff's suggestion in her response brief that the law does not require her to plead causation is misplaced. See Pl. Br. (Doc. 21) at 8 (asserting that, "[w]hen deciding a motion to dismiss, a court may only consider the protected activity element of the three-part test"). The caselaw on which Plaintiff relies for this proposition holds only that, unlike protected activity, the second and third prongs of the test are fact-intensive inquiries not appropriate for resolution as a matter of law. The cases do not absolve litigants from pleading these elements properly at the outset. See Sposto v. Borough of Dickson City, No. 3:05 CV 0980, 2005 WL 3307333, at *2 (M.D. Pa. Dec. 6, 2005) (noting that the complaint alleged all three elements); Baldassare v. New Jersey, 250 F.3d 188, 195 (3d Cir. 2001) (reviewing factual sufficiency at the summary judgment stage).

927 F.3d at 727 (noting that the criteria supporting a causal link include "an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action" or "a pattern of antagonism coupled with timing").

In her Response Brief (Doc. 21), Plaintiff insists that she "has plainly set forth" that Defendant took the alleged retaliatory actions through a pattern of antagonism from September 2019 to March 2021 because of her union association.  Pl. Br. at 10.  Presumably, Plaintiff is referring to Paragraph 54 of her Complaint, which declares:  "Plaintiff also believes, and therefore avers, that she was subjected to the ongoing harassment, as more fully described hereinbefore above, in retaliation for her association with the union."  Compl. ¶ 54; *see also* id. ¶ 61.  Such conclusory allegations, however, do not survive scrutiny under Iqbal and Twombly.  *See* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (internal citations omitted)); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (citing Twombly).

Plaintiff's reliance on conclusory allegations and her failure to plead a causal nexus sufficient to support a plausible First Amendment retaliation claim necessitate dismissal of Count 1 of her Complaint under Rule 12(b)(6).

2.  Counts 2 and 5: Retaliation – Rehabilitation Act and the Americans with Disabilities Act ("ADA")

Counts 2 and 5 (misnumbered as Count 7) allege that Defendant retaliated against Plaintiff for complaining to the administration about disability discrimination against various students and staff members with disabilities and/or mental health issues in violation of the ADA

4

and Section 504 of the Rehabilitation Act.  Compl. ¶¶ 64-71, 86-89.  After careful review, the Court disagrees with Defendant that Plaintiff's Complaint fails to state a plausible retaliation claim.

Defendant's only substantive arguments in favor of dismissal are that the Complaint fails to identify Plaintiff's protected activity and/or fails to properly plead a causal link between the protected activity and any adverse employment actions.  Def. Br. at 10-11, 14.  As to protected activity, however, the Complaint specifically states that Plaintiff met with new Superintendent Fritz in May 2019, to discuss changes the District made after his hire to in-house programs for disabled students and students with mental health issues, and that, at that time, she reported her concerns that these students were not receiving the proper federally-mandated support from Defendant.  Compl. ¶¶ 15-16.  The Complaint further avers that, after that time, Plaintiff continued to complain to Fritz, Principal Samuel Adams, board members and/or other members of the administration about:  disability discrimination against various students and staff members with mental health issues; Defendant's failure to provide federally-required services and support to students with disabilities; and concerns that Defendant was not meeting the standards required for disabled students under the Rehabilitation Act and IDEA.  Id. ¶¶ 18-20.  Viewing the Complaint in the light most favorable to Plaintiff, these allegations, taken as true, sufficiently assert protected activity under the federal notice pleadings standards.  *See, e.g.*, Houlihan v. Sussex Tech. Sch. Dist., 461 F. Supp. 2d 252, 258 (D. Del. 2006); Knaub v. Tulli, 788 F. Supp. 2d 349, 358-59 (M.D. Pa. 2011).

Similarly, the Complaint sufficiently asserts a causal connection between the protected activity and the alleged adverse employment actions.  Unlike the earlier-discussed union association claim, Plaintiff's Complaint contextually and temporally connects her disability-

related complaints to the alleged adverse conduct she claims led to her forced retirement.
Compl. ¶¶ 15-16, 21-40, 42-47, 49-51, 56 (describing alleged retaliatory incidents that occurred
beginning in September 2019, after she first complained to Superintendent Fritz in May 2019,
and continuing until at least March 2021).  Such allegations adequately set forth a causal nexus
sufficient to survive a motion to dismiss.

Defendant's further argument that Plaintiff's Rehabilitation Act claims must fail due to
her failure to exhaust her administrative remedies is without merit.  It is undisputed that Plaintiff
filed an EEOC charge that included her ADA retaliation claims.  *See* Def. Br. Ex. 1. (Doc. 15-1).
Although the charge does not mention the Rehabilitation Act by name, her Rehabilitation Act
and ADA retaliation claims clearly arise out of the same course of conduct.  *See* Pl. Br. at 10-12.
As Plaintiff correctly notes, the scope of the original charge should be liberally construed in such
a circumstance to include the Rehabilitation Act claim.  *See* Waiters v. Parsons, 729 F.2d 233,
237 (3d Cir. 1984) ("The relevant test in determining whether appellant was required to exhaust
her administrative remedies, therefore, is whether the acts alleged in the subsequent . . . suit are
fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.");
*see also* 29 U.S.C. § 794(d) (Rehabilitation Act's incorporation by reference of the ADA's
substantive standards).  Accordingly, assuming Plaintiff was required to exhaust administrative
remedies prior to filing a Rehabilitation Act claim, the Court finds that her EEOC charge fairly
encompassed the substance of that claim.

3.  Count 3:  Retaliation – Individuals with Disabilities Education Improvement Act of
2004 ("IDEA")

Count Three of the Complaint, which alleges retaliation in violation of IDEA, must be
dismissed with prejudice because, as a teacher, Plaintiff lacks standing under IDEA to assert
such a claim.  *See* Lawrence Tp. Bd of Educ. v. New Jersey, 417 F.3d 368, 371 (3d Cir. 2005)

(stating that "[the IDEA statutory] language strongly suggests that Congress intended to provide a private right of action only to disabled children and their parents"); <u>Jones v. Camden City Bd. of Educ.</u>, 499 F. App'x 127, 129 (3d Cir. 2012) (substitute teacher lacked standing to litigate an IDEA claim); <u>Vanselous v. Bucks Cnty. Intermediate Unit No. 22</u>, No. CIV.A. 13-4805, 2014 WL 2767060, at *8 (E.D. Pa. June 18, 2014) (teacher lacked standing to bring an IDEA retaliation claim); <u>Woods Servs., Inc. v. Hazleton Area Sch. Dist.</u>, Civil Action No. 3:15-CV-02464, 2016 WL 6216122, at *5-*6 (M.D. Pa. 2022).

    4. <u>Count 4:  Disability Discrimination - ADA</u>

    Count Four of the Complaint (misnumbered as Count 5) asserts that Defendant intentionally discriminated against Plaintiff due to her own disability and/or perceived disability. Compl. ¶¶ 80-85.  Defendant's Motion to Dismiss this Count will be granted because Plaintiff has failed to plead a disability within the meaning of the ADA.  *See* 42 U.S.C. § 12102(1) (defining disability as:  "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment").

    Plaintiff's Complaint asserts only that she "was diagnosed with ADHD and anxiety in or about 2016."  Compl. ¶ 13.  Even taking this allegation as true, a diagnosis standing alone is insufficient to establish a disability under the ADA.  *See* <u>Pritchett v. Ellers</u>, 324 F. App'x 157, 159 (3d Cir. 2009); *see also, e.g.*, <u>Mundy v. City of Pittsburgh</u>, No. 2:22-CV-31, 2022 WL 17851629, at *7 (W.D. Pa. Dec. 22, 2022) (finding that the plaintiff's complaint did not contain adequate details about her anxiety condition to survive a motion to dismiss); <u>D.M. by & through Mr. J.M. & Mrs. J.M., *et al.* v. E. Allegheny Sch. Dist.</u>, No. 2:22-CV-00110-CCW, 2023 WL 2139887, at *3 (W.D. Pa. Feb. 21, 2023) ("A dismissal at the motion to dismiss stage is only

appropriate when the plaintiff's complaint lacks sufficient details regarding the severity of the mental health condition."). Plaintiff's Complaint fails to allege that her alleged impairments substantially limited any major life activities or that Defendant even knew of those impairments. *See* Clouser v. Hanover Foods Corp., No. 1:21-CV-1148, 2022 WL 1309083, at *5 (M.D. Pa. May 2, 2022) (granting motion to dismiss where complaint failed to allege that any of plaintiff's diagnoses substantially impaired him); Jones v. United Parcel Serv., 214 F.3d 402, 406 (3d Cir. 2000) ("It is, of course, an axiom of any ADA claim that the plaintiff be disabled and that the employer be aware of the disability."). For all of these reasons the Complaint fails to state an ADA disability discrimination claim upon which relief can be granted and, therefore, Count 4 must be dismissed.

     5. Count 6:  Discrimination/Retaliation – Pennsylvania Human Relations Act ("PHRA")

     Count 6 of Plaintiff's Complaint (misnumbered as Count 8) asserts disability discrimination and/or retaliation in violation of the PHRA, 43 Pa. Stat. Ann. §§ 951 *et seq*. Compl. ¶¶ 90-93.  Defendant's Motion to Dismiss this Count will be granted as to the disability discrimination allegations and denied as to the retaliation claims, for the same reasons set forth above. Defendant's argument that the PHRA claim should be dismissed for failure to exhaust administrative remedies is without merit, as the EEOC charge attached to Defendant's Brief plainly cross-references the Pennsylvania Human Relations Commission.  *See* Def. Br. (Doc. 15), Ex. 1.

## II. ORDER

     For these reasons, the Motion to Dismiss filed by Defendant South Side Area School District (**Doc. 14**) is **GRANTED IN PART AND DENIED IN PART**.  The Motion is **GRANTED** with respect to Counts 1 (First Amendment), 3 (IDEA) and 4 (misnumbered as

Count 5) (ADA Discrimination); and **GRANTED IN PART** as to Count 6 (misnumbered as Count 8) (PHRA Discrimination).  Count 3 is **DISMISSED WITH PREJUDICE**.  Counts 1, 4 and the PHRA Discrimination claim in Count 6 are **DISMISSED WITHOUT PREJUDICE** and with leave to amend.  The Motion to Dismiss is **DENIED** in all other respects.

Consistent with the above, should Plaintiff choose to amend her Complaint, she may do so by **October 10, 2023**. If an amendment is not timely filed, the claims dismissed without prejudice herein, will be dismissed with prejudice.

IT IS SO ORDERED.

September 25, 2023                                  s/Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge


cc (via ECF email notification):

All Counsel of Record

9